IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


FELICIA A. LEMMONS,

                    Plaintiff,

vs.                                    Case No. 13-2280-SAC

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security,

                    Defendant.


MEMORANDUM AND ORDER

     This is an action reviewing the final decision of the

Commissioner of Social Security denying the plaintiff disability

insurance benefits and supplemental security income payments.

The matter has been fully briefed by the parties.

**I.   General legal standards**

     The court's standard of review is set forth in 42 U.S.C.

§ 405(g), which provides that "the findings of the Commissioner

as to any fact, if supported by substantial evidence, shall be

conclusive."  The court should review the Commissioner's

decision to determine only whether the decision was supported by

substantial evidence and whether the Commissioner applied the

correct legal standards.  Glenn v. Shalala, 21 F.3d 983, 984

(10th Cir. 1994).  Substantial evidence requires more than a

scintilla, but less than a preponderance, and is satisfied by

such evidence that a reasonable mind might accept to support the conclusion.  The determination of whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it really constitutes mere conclusion.  Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).  Although the court is not to reweigh the evidence, the findings of the Commissioner will not be mechanically accepted.  Nor will the findings be affirmed by isolating facts and labeling them substantial evidence, as the court must scrutinize the entire record in determining whether the Commissioner's conclusions are rational.  Graham v. Sullivan, 794 F. Supp. 1045, 1047 (D. Kan. 1992).  The court should examine the record as a whole, including whatever in the record fairly detracts from the weight of the Commissioner's decision and, on that basis, determine if the substantiality of the evidence test has been met.  Glenn, 21 F.3d at 984.

The Social Security Act provides that an individual shall be determined to be under a disability only if the claimant can establish that they have a physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity (SGA).  The claimant's physical or mental impairment or impairments must be of such severity that

they are not only unable to perform their previous work but cannot, considering their age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.  42 U.S.C. § 423(d).

The Commissioner has established a five-step sequential evaluation process to determine disability.  If at any step a finding of disability or non-disability can be made, the Commissioner will not review the claim further.  At step one, the agency will find non-disability unless the claimant can show that he or she is not working at a "substantial gainful activity."  At step two, the agency will find non-disability unless the claimant shows that he or she has a "severe impairment," which is defined as any "impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities."  At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled.  If the claimant's impairment does not meet or equal a listed impairment, the inquiry proceeds to step four, at which the agency assesses whether the claimant can do his or her previous work; unless the claimant shows that he or she cannot perform their previous work, they are determined not to be disabled.  If the claimant survives step four, the fifth and final step

requires the agency to consider vocational factors (the claimant's age, education, and past work experience) and to determine whether the claimant is capable of performing other jobs existing in significant numbers in the national economy. Barnhart v. Thomas, 124 S. Ct. 376, 379-380 (2003).

The claimant bears the burden of proof through step four of the analysis.  Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993).  At step five, the burden shifts to the Commissioner to show that the claimant can perform other work that exists in the national economy.  Nielson, 992 F.2d at 1120; Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993).  The Commissioner meets this burden if the decision is supported by substantial evidence.  Thompson, 987 F.2d at 1487.

Before going from step three to step four, the agency will assess the claimant's residual functional capacity (RFC).  This RFC assessment is used to evaluate the claim at both step four and step five.  20 C.F.R. §§ 404.1520(a)(4), 404.1520(e,f,g); 416.920(a)(4), 416.920(e,f,g).

## II.  History of case

On June 12, 2012, administrative law judge (ALJ) Susan B. Blaney issued her decision (R. at 10-20).  Plaintiff alleges that she had been disabled since August 3, 2006 (R. at 10). Plaintiff meets the insured status requirements for social security disability benefits through September 30, 2014 (R. at

4

12).  At step one, the ALJ found that plaintiff engaged in substantial gainful activity from October 1, 2008 through August 31, 2011.  The remaining findings address the periods the claimant did not engage in substantial gainful activity (R. at 12-13).  At step two, the ALJ found that plaintiff had the following severe impairment: borderline intellectual functioning (R. at 13).  At step three, the ALJ determined that plaintiff's impairments do not meet or equal a listed impairment (R. at 13).  After determining plaintiff's RFC (R. at 15), the ALJ determined at step four that plaintiff is able to perform past relevant work as a home health aide and a child daycare worker (R. at 20).  Therefore, the ALJ concluded that plaintiff was not disabled (R. at 20).

**III.  Did the ALJ err in finding that plaintiff's impairments do not meet or equal listed impairment 12.05C?**

The ALJ found that plaintiff's impairments do not meet or equal listed impairment 12.05C (R. at 13-15).  Plaintiff alleges that the evidence establishes that plaintiff's impairments meet or equal 12.05C.  Listed impairment 12.05C is as follows:

> 12.05 Mental retardation: Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22.

> The required level of severity for this
> disorder is met when the requirements in A,
> B, C, or D are satisfied....
>
>             *********************
>
> C.  A valid verbal, performance, or full
> scale IQ of 60 through 70 and a physical or
> other mental impairment imposing an
> additional and significant work-related
> limitation of function.

20 C.F.R., Pt. 404, Subpt. P., App. 1 at 479 (2013 at 512).  In

order to satisfy listed impairment 12.05C, plaintiff must show:

(1) significantly subaverage general intellectual functioning

with deficits in adaptive functioning initially manifested

during the developmental period; i.e., the evidence must

demonstrate or support onset of the impairment before age 22

(a.k.a. the "capsule" definition), (2) a valid verbal,

performance or full scale IQ of 60-70, and (3) a physical or

other mental impairment imposing an additional and significant

work-related limitation of function.  Wall v. Astrue, 561 F.3d

1048, 1062 (10th Cir. 2009).

    Plaintiff has the burden to present evidence establishing

that his impairments meet or equal a listed impairment.

Fischer-Ross v. Barnhart, 431 F.3d 729, 733 (10th Cir. 2005).

In order for the plaintiff to show that his impairments match a

listing, plaintiff must meet "all" of the criteria of the listed

impairment.  An impairment that manifests only some of those

criteria, no matter how severely, does not qualify.  Sullivan v.

Zebley, 493 U.S. 521, 530, 110 S. Ct. 885, 891 (1990)(emphasis in original).

The ALJ found that plaintiff has two IQ scores below 70 (R. at 14). However, the ALJ found that plaintiff does not meet the other two criteria for 12.05C, i.e., the capsule definition, and the lack of an additional mental or physical impairment imposing an additional and significant work-related limitation of functioning.

The capsule definition, or the lack of adaptive functioning requirement was not met, according to the ALJ, because:

> although claimant was in special education for all her school years,[1] according to her testimony, was able to obtain a driver's license and drives an automobile. She is not married, but has a relationship with the father of her child, now age six. At the hearing, she testified she lives with her six year old son. Thus, she is independent. Most importantly, she has worked for many years at semi-skilled jobs having an SVP[2] level of three and four. The vocational expert testified at the hearing that claimant's past relevant work as a home health aide is medium work with an SVP of three. The reasoning level of this job is three, the math level two and the language level two. The vocational expert also testified claimant has past relevant work as a child daycare worker, which is light work having an SVP level of four. This job has a reasoning level of three, math level of two and language level of three. A review of

---

[1] Plaintiff testified that she was in special education in school, but graduated from high school (R. at 34).

[2] SVP stands for specific vocational preparation, and is the amount of time required by a typical worker to learn the techniques, acquire the information, and develop the facility needed for average performance in a specific job. Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles (SCO) (U.S. Dept. of Labor, 1993 at Appendix B).

> claimant's detailed earnings query shows
> work for ten to eleven years at a level
> presumed to represent SGA [substantial
> gainful activity], at the jobs previously
> mentioned.  The report from a woman claimant
> worked for in the home health care industry
> gave claimant a very good report regarding
> her job performance (Ex. 5E/2-3).  Finally,
> there is an apparent discrepancy between the
> examining psychologists regarding claimant's
> intellectual abilities.  The claimant
> received diagnoses ranging from low average
> intellectual functioning to mild mental
> retardation.  Claimant is able to perform
> simple mental tasks without difficulty (Ex.
> 8F/4-5).

(R. at 14-15, emphasis added).  As the ALJ noted, plaintiff was

in special education classes in school, and further, as the ALJ

also noted, plaintiff is not able to read (R. at 18).

In the case of Bland v. Astrue, 432 Fed. Appx. 719, 723

(10th Cir. Apr. 27, 2011), the ALJ had not addressed listed

impairment 12.05C.  The court stated that the most obvious

reason for the ALJ not to address the listed impairment was the

evidence contrary to the capsule definition.  The court noted

that plaintiff completed the 11th grade and was never in special

education classes.  Furthermore, plaintiff had a successful work

history.  The court cited to Cox v. Astrue, 495 F.3d 614, 619

(8th Cir. 2007), which upheld the ALJ's determination that

claimant's impairments did not meet the listing for mental

retardation based in part on her previous successful work at a

semiskilled job for more than two years.  The court stated that

an IQ score of 67 would not support a presumption of retardation before age 22, and that claimant's school and work history would overcome a presumption in any event.

In the case before the court, plaintiff was in special education classes, but did graduate from high school. She was also employed for many years at semi-skilled jobs. Thus, based on Bland, the fact that she was in special education provides some support for the capsule definition. On the other hand, she did graduate from high school, and has worked at semi-skilled jobs for over 10 years.[3] The court will not reweigh the evidence or substitute its judgment for that of the Commissioner. Hackett v. Barnhart, 395 F.3d 1168, 1173 (10th Cir. 2005); White v. Barnhart, 287 F.3d 903, 905, 908, 909 (10th Cir. 2002). Although the court will not reweigh the evidence, the conclusions reached by the ALJ must be reasonable and consistent with the evidence. See Glenn v. Shalala, 21 F.3d 983, 988 (10th Cir. 1994)(the court must affirm if, considering the evidence as a whole, there is sufficient evidence which a reasonable mind might accept as adequate to support a conclusion). The court can only review the sufficiency of the evidence. Although the evidence may support a contrary finding, the court cannot

---

[3] Plaintiff worked as a home health aide with Coalition for Independence from 1997-2005 (R. at 33-35, 226-228). Plaintiff also worked a child daycare worker with Beautiful Beginnings from 2007-2011 (R. at 35-37, 240-245). In 1997, she earned $13,227.00, which steadily increased until she reached $40,126.77 in 2002. In 2003, she earned $38,989.53, and in 2004 $27,257.20 (R. at 237). Plaintiff quit work in 2005 because she was pregnant (R. at 35). Plaintiff was also employed in substantial gainful activity from October 1, 2008 to August 31, 2011 (R. at 12).

displace the agency's choice between two fairly conflicting
views, even though the court may have justifiably made a
different choice had the matter been before it de novo.  Oldham
v. Astrue, 509 F.3d 1254, 1257-1258 (10th Cir. 2007).

As noted above, plaintiff has the burden of proving that
her impairment meets or equals a listed impairment.  Plaintiff
contends that her special education classes, her inability to
read, and other learning problems qualify for the capsule
definition.  However, the ALJ clearly gave great weight to the
fact that plaintiff had worked at semi-skilled jobs for over 10
years.  The court cannot displace the agency's choice given the
conflicting evidence.  Furthermore, there is no medical opinion
evidence stating that the capsule definition is met.  In fact,
Dr. Fantz indicated on June 16, 2006 in a psychiatric review
technique form that there was insufficient evidence to support a
finding that listed impairment 12.05C was met, and he found that
plaintiff's mental health conditions do not meet or equal a
listing (R. at 381, 385, 393).  On August 7, 2007, Dr. Schulman
filled out the same form, and he did not find that a listed
mental impairment was met or equaled (R. at 472-484).  Dr. Witt
affirmed the findings of Dr. Schulman on March 19, 2009 (R. at
498).  On these facts, the court finds that the ALJ's finding
that the capsule definition for listed impairment 12.05C was not
met or equaled is supported by substantial evidence.

The ALJ also found that the medical evidence of record did not establish the presence of an additional mental or physical impairment of twelve months duration or more (R. at 14).  The ALJ noted that only one of the three psychological evaluations listed an impairment other than borderline intellectual functioning/learning disorder (R. at 14).  Only the first evaluation by Dr. Birky diagnosed dysthymic disorder and anxiety disorder (R. at 366-369).  Neither Dr. Miles nor Dr. Lieberman diagnosed any other mental impairment (R. at 374-376, 461-466).

Listed impairment 12.05C requires that a claimant have a physical or other mental impairment imposing an additional and significant work-related limitation of function.  Hinkle v. Apfel, 132 F.3d 1349, 1352 (10th Cir. 1997).  In Hinkle, the court held that this requirement is met if the claimant suffers from a severe physical or other mental impairment as defined at step two of the disability analysis, apart from the decreased intellectual functioning.  132 F.3d at 1352.  Therefore, the court will set forth the standard to show that a claimant has a severe impairment at step two.

The burden of proof at step two is on the plaintiff.  See Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993)(the claimant bears the burden of proof through step four of the analysis).  A claimant's showing at step two that he or she has a severe impairment has been described as "de minimis."  Hawkins

v. Chater, 113 F.3d 1162, 1169 (10th Cir. 1997); see Williams v.
Bowen, 844 F.2d 748, 751 (10th Cir. 1988)("de minimis showing of
medical severity").  A claimant need only be able to show at
this level that the impairment would have more than a minimal
effect on his or her ability to do basic work activities.[4]
Williams, 844 F.2d at 751.  However, the claimant must show more
than the mere presence of a condition or ailment.  If the
medical severity of a claimant's impairments is so slight that
the impairments could not interfere with or have a serious
impact on the claimant's ability to do basic work activities,
the impairments do not prevent the claimant from engaging in
substantial work activity.  Thus, at step two, the ALJ looks at
the claimant's impairment or combination of impairments only and
determines the impact the impairment would have on his or her
ability to work.  Hinkle v. Apfel, 132 F.3d 1349, 1352 (10th
Cir. 1997).  A claimant must provide medical evidence that he or
she had an impairment and how severe it was during the time the
claimant alleges they were disabled.  20 C.F.R. § 404.1512(c),
§ 416.912(c).

Only Dr. Birky diagnosed plaintiff with an impairment other
than borderline intellectual functioning.  However, plaintiff

---

[4] Basic work activities are "abilities and aptitudes necessary to do most jobs," 20 C.F.R. § 404.1521(b)[416.921(b)], including "walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling; seeing, hearing, and speaking; understanding, carrying out, and remembering simple instructions; use of judgment, responding appropriately to supervision, coworkers, and usual work situations; and dealing with changes in a routine work setting." Social Security Ruling 85-28, 1985 WL 56856 at *3; Langley v. Barnhart, 373 F.3d 1116, 1123 (10th Cir. 2004).

must show that the additional impairment(s) would have more than a minimal effect on claimant's ability to do basic work activities.  Plaintiff has not presented any evidence that the additional impairments identified by Dr. Birky would have more than a minimal effect on plaintiff's ability to do basic work activities.  Dr. Birky did not state that the dysthymic disorder or anxiety disorder would have more than a minimal effect on plaintiff's ability to do basic work activities.  Finally, the additional diagnoses by Dr. Birky is not supported by Dr. Miles or Dr. Lieberman.

Furthermore, as previously noted, Dr. Fantz, Dr. Schulman and Dr. Witt did not find that plaintiff's impairments meet or equal listed impairment 12.05C.  On the facts of this case, the court finds that substantial evidence supports the ALJ's finding that plaintiff's impairments do not meet or equal listed impairment 12.05C.

IT IS THEREFORE ORDERED that the judgment of the Commissioner is affirmed pursuant to sentence four of 42 U.S.C. § 405(g).

Dated this 17th day of September 2014, Topeka, Kansas.


s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge